## Willkow v. Willkow

*Daniel W. Rullo*, for plaintiff.
*James R. Cascio*, for defendant.

COFFROTH, *P.J.*, October 20, 1982—This divorce case is before us on the joint request of the parties, set forth in Count III of the complaint and answer, for equitable division of marital property under §401(d) of the Divorce Code, 23 Pa.C.S.A. §401.

At the hearing the parties stipulated that it would be sufficient for the court to determine a percentage which each party should have in the marital property as a whole without specific allocation in kind, leaving such allocation to the parties. The contentions in the case are these:

(1) Plaintiff (former husband) advocates division of the marital property equally among the parties, 50 percent to each, whereas defendant (former wife) claims 75 percent for herself and would award 25 percent to plaintiff.

(2) Defendant claims a larger share in the marital estate primarily because the jointly owned farm, which constitutes the bulk of the marital property, (a) was acquired from her parents in 1964 at a sacrifice price of $10,000 at low interest, (b) was largely paid for with her earnings, and (c) was in her family for over a century.

(3) The status of a certificate of deposit as marital or non-marital property is disputed. The certificate is for $10,000, obtained by defendant after separation but prior to divorce with funds from her teacher retirement account, received by her upon retirement after separation and prior to divorce.

B. Relevant Factors

The prime relevant factors in determining an equitable division of marital property are set forth in Code §401(d) which provides as follows:

"(d) In a proceeding for divorce or annulment, the court shall, upon request of either party, equitably divide, distribute or assign the marital property between the parties without regard to marital misconduct in such proportions as the court deems just after considering all relevant factors including: . . . [then follow the ten factors numbered (1) through (10) hereinafter quoted in similarly numbered sub-paragraphs of this part of the opinion]."

(1) "The length of the marriage."

The parties were married almost 38 years (1944-1982). They were married June 16, 1944, finally separated June 12, 1979, and were divorced March 2, 1982.

(2) "Any prior marriage of either party." None.

(3) "The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties."

a. Age: Plaintiff is 61 years old, born March 9, 1921. Defendant is 63 years old, born February 1, 1919.

b. Health: Plaintiff's health is fair; he is gradually losing the use of his legs because of an accident on the farm in 1976; he had been advised by his physician to reduce his work or he would become totally disabled, as a result of which he retired in 1979. Defendant's health is good, with high blood pressure well controlled by medication.

c. Station: Plaintiff was a dairy farmer throughout his lifetime, from which he is now retired; he has a high school education, was for some years until recently a member of the board of directors of Meyersdale Community Hospital, is a school director in Shanksville-Stonycreek School District and is past president of that board. Defendant is college educated, taught health and physical education in the public schools for more than 24 years; she gave up teaching for 13 years (1946-1959) to raise the family (5 children), retired from teaching in 1981 and is not presently employed. Both parties are well known and of good standing in their community.

d. Amount and sources of income: Plaintiff presently has no employment or income and is living on borrowed money, pending resolution of this case; he has been informed that when eligible for Social Security retirement he will be entitled to an amount only slightly over the minimum benefit. Defendant receives a teacher's retirement benefit of $670 monthly for life, and $420 monthly Social Security benefit, a total of $1,090 monthly. She also

receives $1,800 annually from rent of the nonmarital farm and an unspecified amount of rent from the marital farm, which are applied to taxes, insurance and maintenance whose amounts are not specified in the record.

e. Vocational skills: See a. through c. above.

f. Employability: Plaintiff is unable to do work involving standing or lifting. Defendant is not disabled.

g. Estate: Plaintiff's inventory and appraisement filed pursuant to Civil Rule 1920.33 shows marital property valued at $234,291.50 (of which $200,000 is assigned to the jointly owned farm); and nonmarital property consisting of an automobile and checking account of relatively small value. Defendant's inventory and appraisement shows marital property valued at $174,291.50 (of which $140,000 is assigned to the jointly owned farm); and nonmarital property consisting of 285 shares of stock in National Bank of Western Pennsylvania valued at $43 per share, and an undivided one-half interest in a farm having a value of $65,000 to $70,000. There is also a deposit certificate for $10,000 in defendant's name whose status as marital or nonmarital property is disputed; it was obtained by defendant after separation but prior to divorce with teacher retirement funds obtained by her during the same period.

h. Liabilities: Plaintiff's statement shows liabilities of $455; in addition he testified to a $20,000 loan liability. Defendant shows no liabilities.

i. Needs of each party: Plaintiff's statement of expense filed pursuant to Civil Rule 1920.31 shows monthly living expense of $2,603.90; defendant filed no such statement. Plaintiff being without income is in need of a substantial share of the marital

resources for his future maintenance, whereas defendant has substantial income sufficient for her maintenance without invading capital or principal. In addition, the nonmarital jointly owned farm of defendant is available as a residence for her, whereas plaintiff has no such available housing.

(4) "The contribution by one party to the education, training, or increased earning power of the other party." None.

(5) "The opportunity of each party for future acquisitions of capital assets and income."

As to future acquisitions of capital assets, none is established or apparent for either party. As to future income, plaintiff will have only earnings on his share of the marital property, plus minimum Social Security. Defendant's future income is secure and sufficient in the form of her teacher's retirement and Social Security benefits, plus earnings on her share of the marital property.

(6) "The sources of income of both parties including but not limited to medical, retirement, insurance or other benefits."

See (3)d above.

(7) "The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker."

Both parties have worked hard all of their lives. The record does not establish specific amounts of cash contributions by the respective parties to marital assets; but all contributions toward the marital property were substantially equal in the sense that both contributed their full time, effort and earnings to the family, as farmer and father in plaintiff's case, as teacher and homemaker in defendant's case.

Although the low price paid for the family farm might arguably be regarded as part gift, it was a gift to both parties; and although the farm payments were made principally from defendant's earnings, those earnings were marital property, and all earnings of both parties were expended for marital family purposes as a joint enterprise. Compare Clapper v. Clapper, 25 D. & C. 3d 467, (1982). Leaving family sentiment aside as we must, we find no significant inequality of contribution to or dissipation of marital property.

(8) "The value of the property set apart to each party."

Inapplicable under the parties' stipulation previously referred to.

(9) "The standard of living of the parties established during the marriage."

The parties had a conservative but comfortable middleclass standard of living for a hard-working farm family with two incomes and 5 children who are now mature and well educated. The present standard of living is not significantly different from that enjoyed during marriage, except that plaintiff is without income and lives temporarily on borrowed money whereas defendant lives on her own income.

(10) "The economic circumstances of each party at the time the division of property is to become effective."

See previous paragraphs:

C. Marital Property:

1. The $10,000 certificate of deposit is marital property because the sources of its funding was defendant's teacher retirement account accumulated and vested during marriage and prior to final separation of the parties, notwithstanding that she retired and obtained the funds after separation and

prior to divorce; thus the certificate is not "property acquired after separation until the date of divorce" within the exception from marital property stated in §401(e)(4). Compare: Tonetti v. Tonetti, 39 Lehigh 535 (1982). The certificate is property acquired in exchange for other property acquired during, not prior to, the marriage, and is therefore not within the exception of §401(e)(1).

2. The real estate given to defendant and her sister by their parents, other than the family farm, and such of the shares of bank stock as were a gift to defendant from her parents, are nonmarital property under §401(e)(3), except for the increases in value during the marriage which are marital property.

D. Conclusion:

The marital property having been accumulated during a marriage of 35 years as a fully shared enterprise, should be divided equally. Moreover, an equal division is essential to meet plaintiff's future maintenance needs in light of his age, physical condition, limited employability and lack of other income.

ORDER

Now, October 20, 1982, it is ordered and decreed that the marital property be equally divided between the parties and that the costs be equally assessed, subject to such further adjudication on petition of either party as may be necessary or appropriate to carry out this order.